BOLIN, Judge ad hoc
(dissenting).
I respectfully dissent from that portion of the majority opinion which denied plaintiff recovery of penalties and attorney’s fees.
The majority, in its opinion, states that the cases of Wright v. National Surety Corporation and Fruge v. Pacific Mutual Insurance Company, are inapposite to the facts of the instant case. This conclusion is based on the fact that, during the period for which compensation was discontinued in the instant case, negotiations for a settlement were under consideration, and that compensation for partial disability was offered and refused. It is with these conclusions that I am compelled to disagree. To the contrary, I cannot see how the case under consideration can be differentiated, either as to legal principles or any material facts, from the cited cases, which were decided by the Supreme Court.
Immediately upon receipt of Dr. Taylor’s report on January 7, 1958, an adjuster for *200 the defendant called on the plaintiff and informed him that the doctor had notified the company that he was able to return to work with some disability, but that he was entitled to some compensation. It is true, that from that date the insurance company attempted to negotiate a settlement with the injured employee. However, if the company was of the opinion that the employee was entitled to payment for his injuries, they were not justified in completely stopping all compensation payments while thus attempting to negotiate a settlement. In other words, for this court to hold that attempting to negotiate a settlement of a case would exempt the company from penalties and attorney’s fees under the statute, would be an invitation for the insurance companies to hold the employee at their mercy, indefinitely, under the pretense of attempting a settlement.
The only evidence in the case that compensation for partial disability was offered the employee was a check for eight weeks at $10 per week, which was left at the •office of Dr. Caldwell for the employee on the fifty-ninth day after his compensation payments were stopped. This could not be construed as an offer to pay compensation for partial disability, because at that time the company had definite knowledge that the plaintiff was totally and permanently disabled.
In the case of Fruge v. Pacific Mutual Insurance Company, the insurance company had been paying the employee compensation for total and permanent disability for approximately six months when it received notification from its examining physician that the employee had only a 20% disability. Based on this letter, the insurance company discontinued paying any compensation to the employee. On these facts, the Supreme Court assessed penalties and attorney’s fees against the insurance company. It was the opinion of the court in the cited case that the insurance company should not have ceased all payment of disability but should at least have tendered payment for partial disability.
In my opinion, the holding of the Fruge case should be controlling in the instant case. While it is true that Dr. Taylor wrote the company that it was his opinion that the employee could return to work with a 7.5% disability, the insurance company apparently did not share his opinion, from a legal standpoint. The company apparently interpreted this letter to mean that the employee was entitled to partial payment because of the residual disability. When the insurance company received this letter, if it had immediately contacted the employee and told him that he was not entitled to anything because of the findings of Dr. Taylor, such a conclusion on their part might have been justified. However, the insurance company took the position that the medical report entitled the employee to some compensation.
It is the testimony of the insurance adjuster, throughout the trial in the lower court, that the employee was entitled to some compensation. The defendants in their pleadings in the lower court admitted in their answer that they knew the employee was entitled to some compensation on the day that his payments were stopped. The defendants have never contended that the offer to settle was in the nature of a gratuity, but was something to which the employee was entitled. Therefore, if it has been judicially admitted that he was entitled to some compensation, I feel that he should have been tendered compensation for at least partial disability rather than completely stop such payments and attempt to force a compromise settlement on him.
The majority opinion points out that various delays by the insurance company were of short duration and that, therefore, none of its actions should be classified as arbitrary or capricious. However short such delays might have been, they were of such a duration as to force the plaintiff to employ counsel. In other words, if the insurance company had tendered the employee partial disability instead of com *201 pletely stopping his compensation payments, he would probably never have consulted an attorney.
For the reasons stated herein, I respectfully dissent from the majority opinion.